IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FORT KNOX FEDERAL CREDIT UNION,   No. C-05-2744 MMC

    Plaintiff,

  v.

ROYCE GOREE,

    Defendant
                                    /

**ORDER REMANDING ACTION; DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT**

    Before the Court is defendant's Notice of Removal, filed July 5, 2005, in which defendant asserts that the district court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over the above-titled action.[1]

    "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal question jurisdiction is required." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

    Defendant represents that "[p]laintiff is suing upon a discharged contract." (See Notice of Removal ¶ 13.)[2] Defendant does not argue that such claim arises under federal law, and, indeed, defendant's description of plaintiff's claim as a breach of contract claim

---

[1] Defendant does not allege any basis for removal other than the existence of a federal question pursuant to § 1331.

[2] Defendant has violated 28 U.S.C. § 1446(a) by failing to attach a copy of plaintiff's complaint to the Notice of Removal.

indicates that plaintiff's claim arises under state law.  Rather, defendant argues that a "federal question has only come to light very recently," (see id. ¶ 1), specifically, that plaintiff has requested the state court rule on a motion for sanctions filed by plaintiff against defendant's attorney, (see id. ¶ 3).  According to defendant, if the state court were to rule on the motion for sanctions, such ruling would be in violation of an automatic stay issued by a federal bankruptcy court.

Irrespective of whether plaintiff's request that the state court rule on plaintiff's motion for sanctions is a request that the state court act in violation of an order of a bankruptcy court, defendant has not shown that plaintiff could have originally filed its complaint against defendant in federal district court by invoking federal question jurisdiction.  Consequently, the Court lacks subject matter jurisdiction over plaintiff's complaint, as defendant has failed to show that the complaint is removable under 28 U.S.C. § 1331.  See Caterpillar, Inc. v. Williams, 482 U.S. at 392.

Accordingly, plaintiff's complaint is hereby REMANDED to the Superior Court for the County of Alameda pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  Defendant's application to proceed in forma pauperis is DENIED as moot.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  July 12, 2005               /s/ Maxine M. Chesney
                                                       MAXINE M. CHESNEY
                                                       United States District Judge